**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:**<br><br>**NATIONAL REALTY INVESTMENT ADVISORS, LLC, et al.**[1] | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered) |
| **NATIONAL REALTY INVESTMENT ADVISORS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**US CONSTRUCTION INC., US CONSTRUCTION & DEVELOPMENT LLC, JOHN FARINA, and JOHN DOES 1-10,**<br><br>**Defendants.** | Adv. Pro. No. ________________<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1452 AND FED. R. BANKR. P. 9027** |

To: Clerk, United States Bankruptcy Court For The District of New Jersey

Clerk, Superior Court, Hudson County

All Interested Parties

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

**PLEASE TAKE NOTICE** that Plaintiff hereby removes all remaining causes of action asserted in the above-captioned matter pending in the Superior Court of New Jersey, Law Division, Hudson County captioned as National Realty Investment Advisors, LLC v. US Construction Inc., et al., HUD-L-959-22 (the "Hudson County Action"), to the United States Bankruptcy Court for the District of New Jersey.

## Basis For Removal

1. On June 7, 2022, plaintiff National Realty Investment Advisors, LLC ("NRIA" or the "Debtor") filed voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey. *See In re National Realty Investment Advisors, LLC*, *et al.*, Case No. 22-14539-JKS (Bankr. D.N.J.) (the "Bankruptcy Case").

2. Pursuant to 28 U.S.C. §1452, "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a).

3. This District Court has jurisdiction over the Hudson County Action pursuant to 28 U.S.C. §1334(b) which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

4. The Hudson County Action is related to the Bankruptcy case commenced on June 7, 2022 because the claims asserted therein are either direct claims against Debtor NRIA, derivative claims belonging to NRIA (and its bankruptcy estate) or claims which are dependent on derivative claims.

5. The Hudson County Action "could conceivably have" an effect on the bankruptcy estate. Therefore, bankruptcy related-to jurisdiction is therefore present. See, Federal-Mogul Global, Inc., 300 F.3d 368 (3d Cir. 2002); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984)).

**Compliance With Procedural Requirements**

6. Pursuant to Fed. R. Bankr. P. Rule 9027(a)(1): (a) this Notice of Removal is being filed with the clerk for the court within which the Hudson County Action is pending; (b) this Notice of Removal is signed pursuant to Fed. R. Bankr. P. Rule 9011; (c) Debtors state that upon removal of the causes of action, the proceeding is core, but if it is determined to be non-core, plaintiffs consent to entry of final orders or judgment by the bankruptcy court; and (d) this Notice of Removal is accompanied by a copy of all process and pleadings to date in the Hudson County Action.

7. If the claim or cause of action in a civil action is pending when the related bankruptcy case commenced, a notice of removal may be within 90 days after the filing of the related bankruptcy case. See, Fed. R. Bankr. R. 9027(a)(2). The NRIA bankruptcy case was commenced on June 7, 2022. This Notice of Removal is therefore timely.

8. Pursuant to Fed. R. Bankr. P. Rule 9027(b) and (c), promptly after filing this Notice of Removal, Debtor will serve a copy on all parties to the Hudson County Action and file a copy with the Clerk of the Superior Court, Mercer Hudson, State of New Jersey.

**Conclusion**

**WHEREFORE,** Plaintiff respectfully removes all causes of action asserted in the Hudson County Action to the Bankruptcy Court.

**SILLS CUMMIS & GROSS P.C.**

Dated: July 13, 2022

By: *s/ S. Jason Teele*
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
steele@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of Plaintiff's knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the following actions currently stayed pursuant to 11 U.S.C. § 362: *U.S. Construction, Inc. v. National Realty Investment Advisors, LLC*, 2:22-cv-1198 (E.D.Pa.); *U.S. Construction, Inc. v. Wright by the Sea 1901, LLC, National Realty Investment Advisors, LLC*, No. 50-2022-CA-2688 (Fla. Palm Beach County).

**SILLS CUMMIS & GROSS P.C.**

Dated: July 13, 2022

By: *s/ S. Jason Teele*

S. Jason Teele, Esq.
Daniel J. Harris, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
steele@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I certify that on this date I caused a true copy of the foregoing Notice of Removal, and documents annexed thereto, to be served via FedEx overnight delivery upon:

John F. Palladino, Esq.
HANKIN SANDMAN PALLADINO WEINTROB & BELL P.C.
30 South New York Avenue
Atlantic City, New Jersey 08401
John@hankinsandman.com
*Attorneys for Defendants, U.S. Construction, Inc.,*
*and John Farina*

Clerk, Law Division
Superior Court of New Jersey, Hudson County
William H. Brennan Courthouse
583 Newark Avenue
Jersey City, New Jersey 07306

**SILLS CUMMIS & GROSS P.C.**

Dated: July 13, 2022

By: *s/ S. Jason Teele*
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
steele@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# Exhibit A

**JOSEPH B. FIORENZO, ESQ. (021421980)**
**SILLS CUMMIS & GROSS P.C.**
**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**(973) 643-7000**
***Attorneys for Plaintiff***

| | |
|---|---|
| **NATIONAL REALTY INVESTMENT ADVISORS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**US CONSTRUCTION INC., US CONSTRUCTION & DEVELOPMENT LLC, JOHN FARINA, and JOHN DOES 1-10,**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – HUDSON COUNTY**<br><br>**Docket No.**<br><br>**Civil Action**<br><br>**<u>COMPLAINT AND JURY DEMAND</u>** |

Plaintiff, National Realty Investment Advisors, LLC ("Plaintiff" or "NRIA"), through counsel, Sills Cummis & Gross, P.C., and by way of this Complaint against Defendants, John Farina, US Construction Inc., and US Construction & Development LLC, hereby states the following:

## INTRODUCTION

1. Defendants, John Farina, US Construction Inc., and US Construction & Development LLC, made a series of misrepresentations, concealments, and false assurances to induce Plaintiff to engage US Construction for general contractor services on a variety of real-

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000959-22

**Case Caption:** NATIONAL REALTY INVE STMENT AD VS US CONSTRUCTIO

**Case Initiation Date:** 03/21/2022

**Attorney Name:** JOSEPH B FIORENZO

**Firm Name:** SILLS CUMMIS & GROSS, PC

**Address:** THE LEGAL CENTER ONE RIVERFRONT PLZ NEWARK NJ 071025400

**Phone:** 9736437000

**Name of Party:** PLAINTIFF : NATIONAL REALTY INVESTMENT ADV

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: NATIONAL REALTY INVESTMENT ADV? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/21/2022
Dated

/s/ JOSEPH B FIORENZO
Signed

**JOSEPH B. FIORENZO, ESQ. (021421980)**
**SILLS CUMMIS & GROSS P.C.**
**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**(973) 643-7000**
***Attorneys for Plaintiff***

| | |
|---|---|
| **NATIONAL REALTY INVESTMENT ADVISORS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**US CONSTRUCTION INC., US CONSTRUCTION & DEVELOPMENT LLC, JOHN FARINA, and JOHN DOES 1-10,**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – HUDSON COUNTY**<br><br>**Docket No. HUD-L-000959-22**<br><br>**Civil Action**<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, National Realty Investment Advisors, LLC ("Plaintiff" or "NRIA"), through counsel, Sills Cummis & Gross, P.C., and by way of this Amended Complaint against Defendants, John Farina, US Construction Inc., and US Construction & Development LLC, hereby states the following:

## INTRODUCTION

1. Defendants, John Farina, US Construction Inc., and US Construction & Development LLC, made a series of misrepresentations, concealments, and false assurances to induce Plaintiff to engage US Construction for general contractor services on a variety of real-

estate projects in New Jersey, New York, Pennsylvania, and Florida (collectively "the Projects"), including, by way of example only, misrepresenting alleged qualifications, experience, and connections in these particular locales, the services provided, and the costs for such services. Upon information and belief, in many of those states, including but not limited to Pennsylvania, New York, and Florida, US Construction lacked a valid general contractor's license at the time of contracting or during the duration of the parties' business relationship. Furthermore, in the process of obtaining approvals for the Projects, Defendants repeatedly delayed and frustrated Plaintiff's efforts to obtain governmental approvals, submitted unnecessary and unjustified change orders and price increases, excessively billed Plaintiff, and appropriated Plaintiff's assets for their own gain. As a result of these misrepresentations and improper actions by Defendants, Plaintiff has suffered and will continue to suffer significant financial harm. Additionally, Defendants inexplicably contracted with design, architectural, and other professionals in the name of US Construction, a mere agent of the owner, rather than on behalf of the owner of the property and Project, Plaintiff.

2. Among other things, Plaintiff seeks: (1) a judgment with respect to the agreements for these stalled Projects declaring that the contracts are null and void, and that Plaintiff is under no obligation to pay any developer fee, or any other fee to US Construction Inc.; (2) an order compelling all professional contracts and work product reflect that Plaintiff is owner of the properties and Projects, not Plaintiff's former agent US Construction; and (3) compensatory and punitive damages to recover for the costs, delays, and injury suffered by Plaintiff as a result of Defendants' false representations and failure to perform.

## THE PARTIES

3. Plaintiff, National Realty Investment Advisors, LLC, is a Delaware Limited Liability Company with its principal place of business at 1 Harmon Plaza, Secaucus, NJ 07094.

4. Defendant US Construction Inc. is upon information and belief a Pennsylvania company with offices located at 70 Hudson Street, Hoboken, NJ, 07030.

5. Defendant US Construction & Development LLC is a New Jersey corporation with its principal place of business located at 70 Hudson Street, Hoboken, NJ 07030.

6. Defendant John Farina is an officer of US Construction Inc. and a New Jersey resident.

**JURISDICTION AND VENUE**

7. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts to warrant the exercise of jurisdiction.

8. Venue is proper in the New Jersey Superior Court, Law Division, Hudson County, because the causes of action set forth herein accrued in Hudson County and parties to the action reside in Hudson County.

**FACTS COMMON TO ALL COUNTS**

9. Defendants made numerous representations regarding the scope of the services and capacity of US Construction Inc. to perform general contractor services for NRIA's anticipated Projects. By way of example only, and without limitation, Farina claimed that US Construction Inc. had the capacity and ability to serve as general contractor for several development Projects, including the ability to perform the contemplated construction and development services and be responsible for fulfilling the conditions of the Project, including work requiring licensure under applicable laws and regulations.

10. Upon information and belief, US Construction did not possess the required general contractor licenses in states including Florida, New York, and Pennsylvania, requiring that a duly

licensed general contractor be hired in addition to US Construction at additional cost to the Projects.

11. By way of example only, and without limitation, NRIA and US Construction entered into discussions to develop projects, including, but not limited to, titled as Ocean Delray, Columbus, and Briny, wherein US Construction asserted it had the capacity to act as general contractor, but, in fact, was unable and failed to do so, incurring significant unnecessary expenses that could have been avoided had US Construction officers disclosed the true nature of their capacity and expected scope of services.

12. Instead of performing the general contractor services represented by US Construction's employees, US Construction personnel were only able to perform services that were wholly duplicative of the in-house staff already in place at NRIA. By way of example only, NRIA routinely performs pre-development analyses and preparation for governmental approvals for development projects, such as preparing and reviewing site plan applications. Because of the limitations on US Construction's services under applicable laws, US Construction could only perform services that NRIA already had the capacity to, and did, perform, resulting in needless expense. Similarly, NRIA employs owner's agents to visit the site and monitor progress on behalf of NRIA. US Construction's services amounted to acting as an additional owner's agent, which was duplicative and unnecessary considering NRIA's existing staff and resources, with no benefit to the Projects.

13. NRIA was unaware that US Construction would be unable to perform under the terms of the agreements, and consistent with the representations made by US Construction's officers, or that US Construction's services would be worthless considering their limitations and the duplication NRIA's existing resources

14. US Construction also submitted to NRIA for payment unsupported price increases and change orders, and, upon information and belief, usurped NRIA opportunities and appropriated NRIA assets for US Construction's advantage, contrary to its responsibility as an agent of NRIA.

15. Each of the contracts were vague, incomplete, and lacking in essential terms, among other things. The agreements with respect to the Projects failed to reflect a mutual manifestation of assent.

**COUNT I**
**(Fraud—Against All Defendants)**

16. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

17. Defendants solicited Plaintiff's agreement to act as general contractor by making the material misrepresentations and material intentional concealments, regarding, among other things, the employees' experience, expertise, connections in the local markets, ability to act as general contractor, and services to be performed.

18. Defendants knew that their material misrepresentations and material intentional concealments were false and/or made with reckless disregard for the truth. Defendants intended to deceive Plaintiff and intended to induce Plaintiff to rely on their misrepresentations and concealments.

19. Defendants continually and intentionally misrepresented material facts to Plaintiff and concealed material facts from Plaintiff.

20. Plaintiff reasonably relied upon these material misrepresentations and material concealments in entering into the aforementioned transactions with Defendants and in expending sums in connection with same.

21. Had Plaintiff known the truth, they would not have entered into transactions and agreements with Defendants and would not have expended funds in furtherance of the Projects.

22. As a result of Defendants' misrepresentations and concealments, Plaintiff has suffered and will continue to suffer substantial harm.

23. As such, Defendants' conduct constitutes fraud, including but not limited to fraud in the inducement related to inducing Plaintiff through misrepresentation regarding Defendants' skills, the appropriateness of Defendants serving as general contractor, ability to do same, and services performed.

24. Defendants acted outrageously, maliciously, and with a reckless disregard for the interests of Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants in Plaintiff's favor for the following relief:

A. Rescission;

B. Compensatory damages;

C. Interest;

D. Costs;

E. Punitive damages;

F. Reasonable counsel fees and expert fees; and

G. Such other and further relief as the Court may deem equitable and just.

**<u>COUNT II</u>**
**(Misrepresentation—Against All Defendants)**

25. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

26. As set forth above, Defendants made numerous false and incorrect statements to Plaintiff regarding, among other things, the employees' experience, expertise, connections in the local markets and ability to act as general contractor.

27. The numerous incorrect statements made by Defendants were made negligently, maliciously, willfully, intentionally and/or with total disregard for the truth.

28. Plaintiff justifiably relied on the numerous incorrect statements made by Defendants.

29. As a consequence of the numerous incorrect statements made by Defendants and relied upon by Plaintiff, Plaintiff has suffered and continue to suffer economic losses and injuries.

30. Defendants acted in an extreme and outrageous manner, with bad motives, and with a reckless disregard for the interests of Plaintiff justifying an award of punitive damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants in Plaintiff's favor for the following relief:

A. Compensatory damages;

B. Interest;

C. Costs;

D. Punitive damages;

E. Reasonable counsel fees and expert fees; and

F. Such other and further relief as the Court may deem equitable and just.

**COUNT III**
**(Declaratory Judgment)**

31. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

32. An actual and justiciable controversy exists between the parties with respect to the validity and enforceability of the contracts for the Projects.

33. As set forth more fully above, the Agreements are invalid, unenforceable, and void, or, in the alternative, have been validly terminated with no further obligation on the part of the Plaintiff, including but not limited to the fact that the Agreements are so indefinite as to lack an essential term to constitute an enforceable contract, performance under the contracts would be impracticable, impossible, or illegal, and Plaintiff validly terminated based upon a material breach by Defendant US Construction and failure to perform.

34. By way of example only, and without limitation, any fee is defined based upon completion of the Project, and, to the extent the Projects are no longer being pursued, under the definition provided in the agreements, no fee is due to US Construction.

35. By way of further example only, and without limitation, the agreements do not define the scope of the purported promises or obligations, lacking any definition of the scope of the project, construction, or services, or provisions regarding governmental approvals or financing, and therefore lack essential terms and are insufficiently definite to constitute binding agreements.

36. By way of further example only, among others, the agreements contains a condition precedent wherein the effectiveness of agreements is contingent upon the Project proceeding forward, which did not occur, rendering the agreement ineffective for failure of condition.

37. By way of further example only, and without limitation, to the extent any Project is no longer proceeding forward, among other things, the agreements are unenforceable due to frustration of purpose, impossibility, and impracticability.

**WHEREFORE**, Plaintiff demands Judgment against Defendants for the following relief:

A. Declaring the agreements with respect to the Projects to be invalid and

unenforceable;

B. Declaring that, to the extent valid, a condition precedent to its enforcement did not occur and/or Plaintiff duly terminated the Agreements without any further obligation to pay or incur expenses;

C. Compensatory damages;

D. Punitive damages;

E. Plaintiff's costs of suit, including reasonable attorneys' fees and expenses;

F. Such other and further relief as the Court may deem equitable and just.

**COUNT IV**
**(Breach of Contract Against—All Defendants)**

38. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

39. To the extent the agreements with respect to the Projects are deemed valid, the various oral representations by Defendants and written agreements constitute contracts.

40. Defendants breached their agreement to satisfy the above-described terms.

41. Plaintiff was damaged by Defendants' failure to uphold their end of the bargain, suffering monetary losses in connection with Plaintiff's entry into the agreements for the Projects.

42. Defendants acted outrageously, maliciously, and with a reckless disregard for the interests of Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants in Plaintiff's favor for the following relief:

A. Compensatory damages;

B. Interest;

C. Costs;

D. Punitive damages;

E. Reasonable counsel fees and expert fees; and

F. Such other and further relief as the Court may deem equitable and just.

**COUNT V**
**(Breach of the Covenant of Good Faith and Fair Dealing—Against All Defendants)**

43. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

44. In New Jersey, every contract contains an implied covenant of good faith and fair dealing: that every party to the contract must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract, and within the reasonable expectations of the parties.

45. To the extent deemed valid, the various oral and written representations by Defendants constitute contracts.

46. Defendants exercised their discretion arbitrarily, capriciously, and in manner inconsistent with reasonable expectations of parties, and for an improper purpose of harming Plaintiff's interests for the benefit of Defendants.

47. Defendants have breached their duty of good faith and fair dealing to Plaintiff by acting maliciously, in bad faith, for the purpose of depriving Plaintiff of the benefit of the bargain.

48. Such unfair and bad faith conduct by Defendants has proximately caused economic injury and other damages to Plaintiff.

49. Defendants acted outrageously, maliciously, and with a reckless disregard for the interests of Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendants in Plaintiff's favor for the following relief:

A. Compensatory damages;

B. Interest;

C. Costs;

D. Punitive damages;

E. Reasonable counsel fees and expert fees; and

F. Such other and further relief as the Court may deem equitable and just.

**COUNT VI**
**(Unjust Enrichment Against—All Defendants)**

50. Plaintiff repeats and reiterates each of the aforesaid allegations as if set forth verbatim herein.

51. Defendants have illegally profited from fees and diverted income the Projects. It is unjust for Defendants to retain the benefits conferred upon them by Plaintiff.

52. As a consequence, Plaintiff has suffered and continues to suffer economic losses and injuries.

**WHEREFORE**, Plaintiff demands Judgment against Defendants in Plaintiff's favor for the following relief:

A. Compensatory damages;

B. Interest;

C. Costs;

D. Punitive damages;

E. Reasonable counsel fees and expert fees;

F. An Order of the Court requiring Defendants to disgorge any and all benefits realized from Plaintiff and to return those benefits to Plaintiff pursuant to a full and complete accounting; and

G. Such other and further relief as the Court may deem equitable and just.

**SILLS CUMMIS & GROSS P.C.**
Attorneys for Plaintiff

By: */s/ Joseph B. Fiorenzo*
JOSEPH B. FIORENZO

DATED: March 22, 2022

**JURY DEMAND**

Pursuant to R. 4:35-1, Plaintiff hereby demands a Trial by Jury as to all issues so triable.

**SILLS CUMMIS & GROSS P.C.**
Attorneys for Plaintiff

By: */s/ Joseph B. Fiorenzo*
JOSEPH B. FIORENZO

DATED: March 22, 2022

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:23-4, Joseph B. Fiorenzo is designated as trial counsel for the Plaintiff in the above matter.

**SILLS CUMMIS & GROSS P.C.**
Attorneys for Plaintiff

By: */s/ Joseph B. Fiorenzo*
JOSEPH B. FIORENZO

DATED: March 22, 2022

**CERTIFICATION PURSUANT TO R. 4:5-1 and R. 1:38-7(b)**

I hereby certify pursuant to Rule 4:5-1 that I am aware of no related actions that are presently pending before any court. I further certify that I am not aware of any other person or entities at this time who should be, but have not been, joined in this action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from documents submitted in the future in accordance with Rule 1:38-7(b).

**SILLS CUMMIS & GROSS P.C.**
Attorneys for Plaintiff

*/s/ Joseph B. Fiorenzo*

By: __________________________
JOSEPH B. FIORENZO

DATED: March 22, 2022

**FILED**

JUN 13 2022

This Order prepared and filed by court
Copies mailed as indicated below:

**KIMBERLY ESPINALES-MALONEY, J.S.C.**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - HUDSON COUNTY
Docket No. **HUD L-959-22**

National Realty Investment Advisors, LLC
Plaintiff(s)

Civil Action

vs.

US Construction Inc. et al
Defendant(s)

**O R D E R**
**OF DISPOSITION ON ACCOUNT OF BANKRUPTCY PROCEEDING**

The court has been advised that the party/parties listed below has/have filed a petition in bankruptcy. Accordingly, all claims pending herein by/against such petitioner in bankruptcy are dismissed, without prejudice and without costs, subject to restoration as allowed for herein.

Either the bankrupt party plaintiff and/or the party making claim against the petitioner in bankruptcy must, within 30 days from date, file a formal application in the bankruptcy court to obtain permission to proceed with this pending matter, either as a party plaintiff or against a party defendant, subject to any terms or conditions that the bankruptcy court may impose. Then, within 30 days after receiving such permission to proceed from the bankruptcy court, either the bankrupt party plaintiff or the party making claim against a bankrupt party defendant must file a formal motion to vacate this **Order of Disposition on Account of Bankruptcy Proceeding** to restore all claims by and/or against the petitioner in bankruptcy to the active calendar.

Failure of either the bankrupt party plaintiff and/or a party claiming against a bankrupt party defendant to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption and the matter will not be thereafter restored.

Additionally, formal application shall be made, **no later than 60 days** after the pending

bankruptcy proceedings are concluded, to vacate this **Order of Disposition on Account of Bankruptcy Proceeding** and restore the claim(s) made on behalf of and/or against the bankrupt if the pending bankruptcy proceedings do not fully dispose of all claims between the parties. Again, failure to timely follow the above procedure shall be considered as a waiver of all rights to proceed by and/or against the bankrupt under this caption and the matter will not be thereafter restored.

**PLEASE NOTE: This order does not in any way effect and/or stay proceedings in this caption as between any other party to the case not included within the ambit of the bankruptcy petition.**

A copy of this order has been given/mailed to the party advising the court of the filing of the bankruptcy petition. That party is hereby **ORDERED** to serve a copy of this order on all other party/counsel within 7 days hereof.

DATED: 06/13/2022

Kimberly Espinales-Maloney
KIMBERLY ESPINALES-MALONEY, J.S.C.

**BANKRUPT PARTY:**

1. **National Realty Investment Advisors, LLC**

Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

**JOSEPH B. FIORENZO, ESQ. (021421980)**
**SILLS CUMMIS & GROSS P.C.**
**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**(973) 643-7000**
***Attorneys for Plaintif***

| | |
|---|---|
| **NATIONAL REALTY INVESTMENT ADVISORS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**US CONSTRUCTION INC., US CONSTRUCTION & DEVELOPMENT LLC, JOHN FARINA, and JOHN DOES 1-10,**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – HUDSON COUNTY**<br><br>**Docket No. HUD-L-000959-22**<br><br>**Civil Action** |

**PLEASE TAKE NOTICE** that on June 7, 2022, National Realty Investment Advisors, LLC (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey. *See In re National Realty Investment Advisors, LLC*, *et al.*, Case No. 22-14539-JKS (Bankr. D.N.J.). A copy of the voluntary petition is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtor's filing of its voluntary petition operates as a stay, applicable to all entities, of, among other things: (a) the commencement or continuation of all judicial, administrative, or other actions or proceedings against the Debtor (i) that were or could have been commenced before the commencement of the Debtor's case or (ii) to recover any claims against the Debtor that arose before the commencement of the Debtor's bankruptcy case; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estates, of a judgment obtained before

the commencement of the Debtor's cases; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

**SILLS CUMMIS & GROSS P.C.**
Attorneys for Plaintiff

By: *<u>/s/ Joseph B. Fiorenzo</u>*
JOSEPH B. FIORENZO

DATED: June 10, 2022

Evan M. Labov, Esq.
Attorney ID# 902222012
HANKIN SANDMAN PALLADINO
WEINTROB & BELL, P.C.
30 South New York Avenue
Atlantic City, NJ 08401
T: (609) 344-5161
F: (609) 344-7913
evanl@hankinsandman.com
*Attorney for Defendants U.S. Construction, Inc. & John Farina*

| | |
|---|---|
| NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>Plaintiff<br><br>vs.<br><br>US CONSTRUCTION INC., US CONSTRUCTION & DEVELOPMENT LLC, JOHN FARINA, and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY<br>LAW DIVISION<br><br>Docket No.: HUD-L-000959-22<br><br>Civil Action<br><br>**STIPULATION EXTENDING TIME TO ANSWER OR MOVE AS TO U.S. CONSTRUCTION, INC. & JOHN FARINA** |

It is hereby stipulated and agreed by and between Defendants U.S. Construction, Inc. and John Farina and Plaintiff National Realty Investment Advisors, LLC, that the time within which said Defendants may answer, move, or otherwise respond to the Amended Complaint is hereby extended to June 20, 2022.

Dated: June 10, 2022

HANKIN SANDMAN PALLADINO
WEINTROB & BELL, P.C.

By: Evan M. Labov, Esq.
*Attorneys for Defendants,*
*U.S. Construction, Inc. & John Farina*

Dated: June 10, 2022

SILLS CUMMIS & GROSS P.C.

/s/ Kyle Vellutato

By: Kyle Vellutato, Esq.
*Attorneys for Plaintiff,*
*National Realty Investment*
*Advisors, LLC*